IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JOSE MIGUEL TORRES-TORRES, | * | |
| ROSA HILDA TORRES-RODRIGUEZ and JOT-C | * | CIVIL NO. 24-1007 (   ) |
|     Plaintiffs | * | |
| | * | ABOUT: |
| v. | * |     EMTALA, ADA, |
| | * |     TORTS, |
| HOSPITAL METROPOLITANO SAN GERMAN, | * |     MEDICAL MALPRACTICE |
| HOSPITAL METROPOLITANO d/b/a | * | |
| METRO PAVIA HEALTH SYSTEM, | * | |
| METRO HEALTH, INC., | * | |
| DR. MANUEL RAMIREZ-SOTO, | * | |
| SIMED, John Doe, Richard Roe, and their | * | |
| respective insurance companies. | * | JURY TRIAL REQUESTED |
|     Defendants | * | |

*********************************************

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

**I.   JURISDICTION**

1. This Honorable Court has jurisdiction under 28 U.S.C. §§ 1331 and 1391.

2. The events occurred in the Judicial District of Puerto Rico and the award requested exceeds $75,000, exclusive of costs and interests.

3. This is an action for redress of plaintiffs injuries due to the violation by defendants of rights secured under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §§ 1395 et seq.

4. Also it is an action for redress of plaintiff injuries due to the violation by defendant of rights secured under the Americans with Disabilities Act (ADA). Health care organizations run

COMPLAINT
CIVIL NO. 24-1007
Page 2

by private businesses or nonprofit organizations are covered under Title III of the ADA. All places covered by the ADA must provide access to their facilities and programs for people with disabilities. A person with a disability can be a person with a mobility or physical disability, sensory (vision or hearing), intellectual, psychiatric, or other mental disability. People with medical conditions such as HIV/AIDS, epilepsy, rheumatoid arthritis, and cancer may also covered under the ADA. A patient cannot be discriminated for being poor and due to be in a medicaid program, etc. including discrimination against the members of a HIPA Group, in particular the patient in this complaint. It is a violation of EMTALA Law.

5. It is also an action of torts/medical malpractice under the laws of the Commonwealth of Puerto Rico against all defendants under Article 1802, 1803, et al. of the Civil Code of Puerto Rico, as amended *Codigo Civil de 2020*[1], invoked under *Supplemental Jurisdiction* 28 U.S.C. §§ 1367 et seq.

6. Trial by jury is hereby requested.

## II. PARTIES

7. Plaintiff Jose Miguel Torres-Torres, is single, of legal age, contractor, citizen of the United States of America and resident of Peñuelas, PR. Plaintiff Torres-Torres' physical address is Barrio Rucio, Sector Belleza, Carretera 391, KM 1.6, Peñuelas, PR 00624; postal address is HC-01, Box 8457, Peñuelas, PR 00624; telephone is (787) 359-7538. He is the widower of Viviana Castellano-Castro (RIP) and father of minor JOT-C.

8. Plaintiff Rosa Hilda Torres-Rodriguez, is single, of legal age, housewife, citizen of

---

[1] The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 24-1007
Page 3

the United States of America and resident of Peñuelas, PR. Plaintiff Torres-Rodriguez's physical address is Barrio Rucio, Sector Belleza, Carretera 391, KM 1.6, Peñuelas, PR 00624; postal address is HC-01, Box 8457, Peñuelas, PR 00624; telephone is (856) 236-6982. She is the grandmother and guardian of minor JOT-C, son of Viviana Castellano-Castro (RIP).

9. Plaintiff minor JOT-C, is single, of pre-school age, citizen of the United States of America and resident of Peñuelas, PR. He lives with co-plaintiff Jose Miguel Torres-Torres and co-plaintiff Rosa Hilda Torres-Rodriguez. He is under the care and totally dependent of his father and his grandmother, co-plaintiff Jose Miguel Torres-Torres and co-plaintiff Rosa Hilda Torres-Rodriguez. He is the son of Viviana Castellano-Castro (RIP).

10. Co-defendant Hospital Metropolitano San Germán, is a private corporation, medical institution dedicated to the medical care of patients. It is a general hospital of 63 beds, that operates an emergency care ward, and several surgery rooms. It's a subsidiary of co-defendant Metro Health, Inc. It's physical address is #8 Calle Javilla [and/or Calle Luz Celenia Tirado], San Germán, 00683, telephone: (787) 892-5300.

11. Co-defendant Hospital Metropolitano San Germán is affiliated with Metro Pavia Health System, the largest hospital network in Puerto Rico. It has a cardiology unit, gynecology and obstetrics services for women, a pediatrics unit with a specialist in pediatric gastroenterology, and respiratory therapy services. It's Imaging Center has one of the most advanced equipment for the Digital Mammography and Magnetic Resonance (MRI) service in the region.[2]

12. Co-defendant Hospital Metropolitano is a conglomerate of over 24 medical facilities,

---

[2] https://hospitalmetrosangerman.com/

COMPLAINT
CIVIL NO. 24-1007
Page 4

including major hospitals, clinics, dispensaries, etc., affiliated with Metro Pavia Health System. It's a subsidiary of co-defendant Metro Health, Inc. It's physical address is Carr. 21 Num. 1785 Ave. Las Lomas #21 (Rio Piedras), San Juan, P.R., 00922, tel. (787) 782-9999.

13. Co-defendant Hospital Metropolitano, affiliated with Metro Pavia Health System, advertised as the largest hospital network in Puerto Rico and the Caribbean, [they] have the highest quality standards demanded by the health industry.[3] [They] have operating rooms with the highest technology, patient safety...[4]

14. Co-defendant Metro Health, Inc. is the parental company of co-defendant Hospital Metropolitano San Germán, co-defendant Hospital Metropolitano d/b/a Metro Health System and it's affiliate Metro Pavia Health System. It's physical address is Hato Rey Tower, SUITE 1400, 268 Muñoz Rivera Ave., San Juan, PR 00918 with mailing address PO Box 70294, San Juan, PR, 00936-8294. It's resident agent is Ms. Miglisa Capo Suria (individual) with street address Maramar Plaza 101 Suite 950-60 Ave. San Patricio, Guaynabo, PR, 00968 and mailing address PO Box 3180, Carolina, PR 00984.

15. Co-defendant Dr. Manuel Ramirez-Soto is a physician (medicine doctor), who was the surgeon who treated patient Viviana Castellano-Castro. He performed the surgery of Viviana's gallbladder (cholecystectomy).

16. We include as co-defendant SIMED. It issued an insurance policy to co-defendants current at the time of the acts alleged in this complaint, that covers the acts and damages alleged in

---

[3] https://hospitalmetropolitanopr.com/

[4] https://hospitalmetropolitanopr.com/

COMPLAINT
CIVIL NO. 24-1007
Page 5
this complaint.

17. John Doe and Richard Roe are those managers, supervisors, physicians, medicine doctors, nurses, technicians and/or employees or independent contractors that worked for (or in its behalf) of co-defendants *Hospital Metropolitano San Germán, Hospital Metropolitano d/b/a Metro Health System (it's affiliate Metro Pavia Health System)*, *Metro Health, Inc.* and *Dr. Manuel Ramirez-Soto*, who where involved with the treatment or care, directly or indirectly of the patient Viviana Castellano-Castro's treatment, while she was under the medical care of co-defendants *Hospital Metropolitano San Germán, Hospital Metropolitano d/b/a Metro Health System (it's affiliate Metro Pavia Health System)*, *Metro Health, Inc.* and *Dr. Manuel Ramirez-Soto*, who's names are unknown to this day, and who are responsible or contributed in any way to the events that give rise to this complaint. We also designate as unknown co-defendants the insurance companies and policies that covered all of the co-defendants in this complaint.

**III.    FACTS**

18. Patient Viviana Castellano-Castro was a black woman, married mother of 37 years old at the time of the facts alleged in this complaint. She had a previous incapacitating condition of morbid obesity. She was a black woman, poor and was a beneficiary of the medicaid program, *Mi Salud* member of a HIPA Group.

19. Patient Viviana Castellano-Castro was married to co-plaintiff Jose Miguel Torres-Torres and was the mother of co-plaintiff JOT-C (a minor).

20. As recalled by her widower, co-plaintiff Jose Miguel Torres-Torres:

*My wife [Viviana Castellano-Castro] felt pain on October 8, 2020 and on October 9, 2020,*

COMPLAINT
CIVIL NO. 24-1007
Page 6

*she was taken to the Cabo Rojo Hospital where they realized that her gallbladder was swollen. From the hospital in Cabo Rojo she was transferred to the hospital in San German on the 9th day of October, 2020 where she underwent surgery on her gallbladder [performed by a surgeon] and was discharged on the second day. Viviana Castellano-Castro was discharged the next day.*

*I took her to the Mennonite Hospital [Caguas] in the emergency room where they examined her and the doctor [emergency physician] told us to take her to the doctor [surgeon] in San German where she had the gallbladder operation because she was retaining liquid in her lungs and because I had to return to San German [to attend a scheduled visit] with my wife Viviana Castellano-Castro so the doctor [surgeon] could remove the clips [surgery clips].*

*[At the scheduled visit] my wife explained [asked] to the doctor [surgeon] what he had done to her because she was dying at that time, the doctor [surgeon] from San German told her, Don't say that, girl. The doctor explained to us that when he removed the gallbladder, he also found an abscess and removed it because [but] it was not cancerous. The doctor [surgeon] of San German then sent her back to my house with medicines. After several occasions (unsuccessful visits to San German) we returned to the Mennonite because the pain was too strong. On October 28, 2020, I took her to the Mennonite Hospital because she couldn't breathe and they examined her, performed several studies and they realized that she had pus in her lungs...*

*...Later the doctor had to talk to me where they told me that my wife Viviana Castellano-Castro died in the emergency room...*

21. The managers, supervisors, physicians, medicine doctors, nurses, technicians and employees or contractors of co-defendant *Hospital Metropolitano San Germán* discriminated against

COMPLAINT
CIVIL NO. 24-1007
Page 7

plaintiffs and the patient Viviana Castellano-Castro due to her disabling conditions and for being poor and a beneficiary of the medicaid program, *Mi Salud*. They discharged her and did not provided the adecuate medical treatment, evaluation or assistance of any kind after her discharge.

22.    Patient Viviana Castellano-Castro was taken by co-plaintiff Jose Miguel Torres-Torres to co-defendant *Hospital Metropolitano San Germán* several times after her discharge for treatment without sucess. She was taken to other medical facilities (emergency ward at Caguas Menonite Hospital) and they referred her to co-defendant *Hospital Metropolitano San Germán* for further medical treatment but it was unsuccessful. Co-defendants just dismissed her complaints, her symptoms and did not provide the appropriate/adecuate medical care, including her correct medical evaluation, hospitalization and medical treatments. She developed several medical problems causing her deterioration and finally her death. It could be avoided if the proper and adequate initial interview, evaluation, examination, treatment and transfer were done, instead she was discriminated due to her condition, she was a disabled patient, poor and due to be in a medicaid program (Vital). The medical protocols were violated, the EMTALA law and protocols were violated. The best practice of medicine was not followed. Defendants discriminated against the patient Viviana Castellano-Castro and the co-plaintiffs Jose Miguel Torres-Torres and JOT-C.

23.    Patient Viviana Castellano-Castro and co-plaintiff Jose Miguel Torres-Torres were discriminated by defendants *Hospital Metropolitano San Germán, Hospital Metropolitano d/b/a Metro Health System (it's affiliate Metro Pavia Health System)*, *Metro Health, Inc.* and *Dr. Manuel Ramirez-Soto* for being disabled (Viviana) and for being poor poor and due to be in a medicaid program (Vital). She was not evaluated, stabilized nor transferred to the appropriate medical facility.

COMPLAINT
CIVIL NO. 24-1007
Page 8

The treatment received was improper, the lack of timely treatment, the lack of proper treatment, medical care, medications, test, laboratories, etc. reflects the discrimination against the members of the protected and minority group (disabled), and poor / due to be in a medicaid program (Vital). It is a violation of EMTALA Law.

24. The patient was not stabilized and transferred to a qualify medical facility as required by EMTALA and the resources to do so were not employed in violation of the law.

25. The co-defendants are included as defendants in sight that medical treatment was not the adequate one. The treatment did not proceed the standards of the correct practice of medicine and was realized wrongfully and incorrectly, the proper equipment was not used in this situation. This is contrary to the Federal Law, Emergency Medical Treatment and Active Labor Act (EMTALA). It is also against the laws of the Commonwealth of Puerto Rico.

26. Defendants *Hospital Metropolitano San Germán, Hospital Metropolitano d/b/a Metro Health System (it's affiliate Metro Pavia Health System)*, *Metro Health, Inc.* and *Dr. Manuel Ramirez-Soto* Emergency Care Ward, the physicians, nurses, technicians, and specialized personnel, their employees, supervisors and administration where extremely negligent. The wrong and negligent acts of the physicians, nurses, technicians and specialized personnel, their employees, supervisors and administration of the co-defendants, where the direct cause or contributed to the acts alleged in this complaint and caused all the damages to plaintiffs.

27. Defendants *Hospital Metropolitano San Germán, Hospital Metropolitano d/b/a Metro Health System (it's affiliate Metro Pavia Health System)*, *Metro Health, Inc.* and *Dr. Manuel Ramirez-Soto*, the Emergency Care Ward, the physicians, nurses, technicians, and specialized

COMPLAINT
CIVIL NO. 24-1007
Page 9

personnel, their employees, supervisors and administration where extremely negligent. The wrong and negligent acts of the physicians, nurses, technicians and specialized personnel, their employees, supervisors and administration of the co-defendants, where the direct cause or contributed to the acts alleged in this complaint and caused all the damages to plaintiffs.

28.   An initial preliminary expert witness report was received on January 7, 2024.

## IV.   DAMAGES

Defendants are jointly responsible for all the damages suffered by the plaintiffs.

29.   Plaintiff Jose Miguel Torres-Torres, suffered and continues suffering to this day severe mental anguish and emotional distress, for the illnesses and deterioration of the body of his wife Viviana Castellano-Castro, seeing her suffering after her surgeries, the wrong medical treatments, constant medical problems, pain and health damages. He suffered after seeing the discrimination against his wife for being disabled, poor and a recipient of medicaid. Damages estimated in the amount of $1,000,000.00.

30.   Plaintiff Jose Miguel Torres-Torres, suffered and continues suffering to this day for the death of his wife Viviana Castellano-Castro. It is also for seeing his son JOT-C constantly asking for his mother. Damages estimated in the amount of $1,000,000.00.

31.   Plaintiff JOT-C lost his mother Viviana Castellano-Castro and now is under the care of his grandmother co-plaintiff Rosa Hilda Torres-Rodriguez and his father co-plaintiff Jose Miguel Torres-Torres. Damages estimated in the amount of $1,000,000.00.

32.   Plaintiff Rosa Hilda Torres-Rodriguez, suffered and continues suffering for the death of her daughter in law Viviana Castellano-Castro. She also suffers for seing the suffering of his son

COMPLAINT
CIVIL NO. 24-1007
Page 10

and grandson JOT-C, who lost his mother and became an orphan at such early age. She is taking care of JOT-C while her son, co-plaintiff Jose Miguel Torres-Torres works. Damages estimated in the amount of $1,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less that four millions dollars ($4,000,000.00) for the damages suffered by them because of defendants combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 8th day of January of 2023.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF System in US District Court and the CM/ECF System will electronically notify it to:

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax 284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
　　　　**juan.r.rodriguez00732@gmail.com**

By:　*S/Juan R. Rodríguez*
　　**JUAN R. RODRIGUEZ**
　　**USDC-PR 214410**